| | |
|---|---|
| **HANNAH JESSKI**, as Executrix and Personal Representative of the Estate of **DIXIE BLAZIER**, deceased<br><br>And<br><br>**GLENDA MUNDIS AND ROBERT MUNDIS**, husband and wife<br><br>*Plaintiffs*,<br><br>v.<br><br>**DAKOTA, MINNESOTA & EASTERN RAILROAD CORPORATION**<br><br>And<br><br>**DAKOTA, MINNESOTA & EASTERN RAILROAD CORPORATION d/b/a CANADIAN PACIFIC**<br><br>And<br><br>**CANADIAN PACIFIC (U.S.), INC.**<br><br>And<br><br>**CANADIAN PACIFIC RAILWAY COMPANY**<br><br>*Defendants*. | Case No. 6:19-cv-02070<br><br><br><br>**COMPLAINT AND JURY DEMAND** |

# **COMPLAINT**

1. This wrongful death and negligence action arises from a train and vehicle collision that occurred on December 1, 2017, at railway crossing 385-463L, near Nora Springs, Iowa.

**Parties**

2. Decedent, Dixie Blazier ("Ms. Blazier"), was the front seat passenger in the vehicle at the time of the collision, and died as a result of the carelessness and recklessness of Defendants.

3. Plaintiff, Hannah Jesski ("Ms. Jesski"), is the daughter of Ms. Blazier, deceased, and is the Administratrix of the Estate of Dixie Blazier.

4. Ms. Jesski is an adult individual who resides in Harvard, Illinois.

5. Ms. Blazier is survived by her three daughters, Plaintiff, Hannah Jesski, Carla Sipe and Jessica Sugalski.

6. Plaintiff, Glenda Mundis ("Ms. Mundis"), was the backseat passenger in the vehicle at the time of the collision and suffered catastrophic and permanent injuries as a result of the carelessness and recklessness of Defendants.

7. Ms. Blazier and Ms. Mundis were sisters.

8. Ms. Mundis and her husband, Robert Mundis, are adult individuals who reside in Harvard, Illinois.

9. Defendant, Dakota, Minnesota & Eastern Railroad Corporation ("DM&E"), is a corporation or other legal entity existing under the laws of Delaware, with its principal place of business located in Minneapolis, Minnesota.

10. Defendant, Dakota, Minnesota & Eastern Railroad Corporation d/b/a Canadian Pacific, is a corporation or other legal entity existing under the laws of Delaware, with its principal place of business located in Minneapolis, Minnesota.

11. Defendant, Canadian Pacific (U.S.), Inc., is a corporation or other legal entity existing under the laws of Delaware, with its principal place of business located in Minneapolis, Minnesota.

12. Defendant, Canadian Pacific Railway Company, is a corporation or other legal entity organized and existing under the laws of Canada, with its principal place of business located in Calgary, AB, Canada.

13. For the purposes of this Complaint, Defendants, Dakota, Minnesota & Eastern Railroad Corporation d/b/a Canadian Pacific, Canadian Pacific (U.S.), Inc. and Canadian Pacific Railway Company, shall be collectively referred to as "Canadian Pacific."

14. At all times material hereto, DM&E and Canadian Pacific, by and through its railroad interests, has carried out, and continues to carry out, substantial, continuous and systematic activities in Iowa and has purposely established significant contacts within Iowa.

15. At all times material hereto, DM&E and Canadian Pacific acted by and through its respective agents, servants, workmen and employees, who were acting within the scope of their authority and employment.

## Jurisdiction and Venue

16. This Court has subject matter jurisdiction over Plaintiffs' action pursuant to U.S.C. § 1332(a) as the amount in controversy exceeds the jurisdictional threshold, exclusive of costs, is between citizens of different states, and because the Defendants each have certain minimum contacts with the State of Iowa such that the maintenance of the suit in this district does not offend traditional notions of fair play and substantial justice.

17. Venue is proper in the United States District Court Northern District of Iowa (Eastern Division-Waterloo) pursuant to U.S.C. § 1391 as the events giving rise to this claim

COMPLAINT AND JURY DEMAND, Page 3 of 15

Case 6:19-cv-02070-CJW-MAR   Document 1   Filed 11/18/19   Page 3 of 15

occurred in and around railway crossing 385-463L in Floyd County, Iowa, near Nora Springs, Iowa.

18. Upon information and belief, at all times material hereto, DM&E and/or Canadian Pacific was the owner, operator, maintainer, possessor, lessor, controller and/or otherwise responsible for the care and control of the area at and/or around railway crossing 385-463L, near Nora Springs, Iowa, including the train control bungalow located at the railway crossing.

19. At all times material hereto, DM&E and/or Canadian Pacific was the owner, operator, maintainer, possessor, lessor, controller and/or otherwise responsible for the care and control of the locomotive involved in the accident.

20. At all times material hereto, DM&E and Canadian Pacific was acting by and through its employees, servants, agents, workmen, and/or staff, all of whom were acting within the course and scope of their employment, for and on behalf of DM&E and/or Canadian Pacific.

**Facts**

21. On December 1, 2017, at approximately 11:54 a.m., Ms. Blazier was the front seat passenger and Ms. Mundis was the back seat passenger in a vehicle travelling northbound on Zinnia Avenue in Nora Springs, Floyd County, Iowa. Ms. Blazier's husband, James Blazier ("Mr. Blazier"), was operating the vehicle (the "Blazier Vehicle").

22. At that time, a single DM&E and/or Canadian Pacific locomotive (#6236) (the "Canadian Pacific locomotive") was travelling westbound towards railway crossing 385-463L.

23. The Canadian Pacific locomotive was being operated by Engineer Mel Fransdal and Assistant Engineer Jared Ball.

24. Upon information and belief, at all times material hereto, Messrs. Fransdal and Ball were under the direction and control of DM&E and/or Canadian Pacific while operating the Canadian Pacific locomotive.

25. As the Blazier vehicle crossed railway crossing 385-463L, it was suddenly and without warning violently struck on the front passenger side by the Canadian Pacific locomotive.

26. As a result of the collision, Ms. Blazier sustained excruciating and devastating injuries to her body, which ultimately caused her untimely death.

27. Ms. Blazier was 66 years old at the time of her death.

28. As a result of the collision, Ms. Mundis sustained catastrophic, disabling and permanent injuries, and had to be life-flighted for emergency medical treatment.

29. Mr. Blazier was also killed in the accident.

30. The extreme force of the impact of the Canadian Pacific locomotive caused the Blazier vehicle to be dragged by the locomotive several hundred feet before the vehicle's front end became stuck in the dirt alongside the tracks, which caused the vehicle to flip end over end onto its top:



31. The Blazier vehicle was completed destroyed by the collision:



32. At the time of the accident, railway crossing 385-463L lacked crossing gates.

33. As a result of DM&E's and/or Canadian Pacific's carelessness, negligence, gross negligence, recklessness and/or other liability-producing conduct, Ms. Blazier suffered serious, severe and disabling injuries including but not limited to, her death resulting from excruciating

impact trauma, mental and emotional pain and suffering, physical pain, suffering and loss of life's pleasures, past, present and future, hospital and medical expenses, loss of accumulation to the estate, and other damages, the full extent of which is yet to be determined.

34. As a result of DM&E's and/or Canadian Pacific's carelessness, negligence, gross negligence, recklessness and/or other liability-producing conduct, which resulted in the death of Ms. Blazier, her children have in the past and will in the future continue to suffer great pecuniary loss, including, but not limited to, loss of support, loss of aid, loss of services, loss of companionship, loss of consortium and comfort, loss of counseling and loss of guidance and tutelage.

35. As a result of DM&E's and/or Canadian Pacific's carelessness, negligence, gross negligence, recklessness and/or other liability-producing conduct, Ms. Jesski claims all damages suffered by the Estate by reason of the death of Ms. Blazier, including, without limiting the generality thereof, the following: (i) the severe and catastrophic injuries to Ms. Blazier, which resulted in her death; (ii) the anxiety, horror, fear of impending death, mental disturbance, pain, suffering and other intangible losses which Ms. Blazier suffered prior to her death; (iii) the loss of accumulation to the estate suffered by Ms. Blazier from the date of her death until the time in the future that she would have lived had she not died as a result of the injuries she sustained; and (iv) the loss and the total limitation and deprivation of her normal activities, pursuits and pleasures from the date of her death until such time in the future as she would have lived had she not died as a result of the injuries sustained by reason of the carelessness, negligence, gross negligence, recklessness and/or other liability-producing conduct of DM&E and/or Canadian Pacific.

36. As a result of DM&E's and/or Canadian Pacific's carelessness, negligence, gross negligence, recklessness and/or other liability-producing conduct, Ms. Mundis suffered

catastrophic, disabling and permanent injuries, including, but not limited to, (i) clavicle fracture; (ii) C7 lateral mass fracture; (iii) four (4) fractured ribs; (iv) T1 and T2 transverse process fracture; (v) wrist, hand and finger fractures; (vi) acetabular fracture; (vii) dislocated hip; (viii) lacerations to her face; (ix) post-traumatic stress disorder; (x) major depressive disorder, and other orthopedic, neurological and psychological injuries, the full extent of which have yet to be determined. Ms. Mundis has required and continues to require medical treatment, including surgeries and other treatment and therapies.

37. As a further result of DM&E's and/or Canadian Pacific's carelessness, negligence, gross negligence and other liability-producing conduct, Ms. Mundis suffered a loss of her earnings and/or earning capacity and/or power, incurred expenses for medical attention and care and will continue to incur said losses and expenses in the future, all to her great financial damage and loss.

38. As a further result of DM&E's and/or Canadian Pacific's carelessness, negligence, gross negligence and other liability-producing conduct, Ms. Mundis has suffered in the past and/or will continue to suffer in the future aches, pains, mental anguish, humiliation, disfigurement, limitations and/or restrictions from her usual activities, pursuits and/or pleasures. She has sustained a loss of the enjoyment of life, life's pleasures and life's hedonic pleasures past, present and future.

39. Ms. Mundis avers that her injuries and damages were caused solely by the acts of DM&E and/or Canadian Pacific jointly and/or individually and/or through their joint and individual agents, servants, workmen and/or employees as hereinbefore and hereinafter set forth and not through any act or omission on her part.

# COUNT I – NEGLIGENCE
## HANNAH JESSKI, as Executrix and Personal Representative of the Estate of DIXIE BLAZIER, deceased v. DAKOTA, MINNESOTA & EASTERN RAILROAD CORPORATION, DAKOTA, MINNESOTA & EASTERN RAILROAD CORPORATION d/b/a CANADIAN PACIFIC, CANADIAN PACIFIC (U.S.), INC. and <u>CANADIAN PACIFIC RAILWAY COMPANY</u>

40. Plaintiffs incorporate the allegations contained in the preceding paragraphs as though fully set forth at length herein.

41. DM&E and/or Canadian Pacific was the owner, operator, maintainer, possessor, lessor, controller and/or otherwise responsible for the care and control of the locomotive involved in the accident, including the engineers operating the locomotive at the time of the accident.

42. DM&E and/or Canadian Pacific had a duty to repair, maintain, correct, inspect and otherwise be responsible for the area at and/or around railway crossing 385-463L.

43. DM&E and/or Canadian Pacific had a duty to repair, maintain, correct, inspect and/or otherwise be responsible for the locomotive involved in Ms. Blazier's accident.

44. DM&E and/or Canadian Pacific had a duty to hire, train and/or retain competent personnel to operate its locomotives, including the locomotive included in Ms. Blazier's accident.

45. At all times material hereto, DM&E and/or Canadian Pacific was responsible for the care, custody and/or control of the real property at and/or around railway crossing 385-463L and to ensure that the area at and/or around railway crossing 385-463L was safe for use by invitees, independent contractors, guests, licensees and/or members of the public, including Ms. Blazier.

46. Upon information and belief, DM&E and/or Canadian Pacific owns and/or controls the train control bungalow at the railway crossing where the accident occurred.

47. Upon information and belief, DM&E and/or Canadian Pacific controlled and/or maintained the train route, the tracks, switches and signal systems on the tracks.

48. Upon information and belief, DM&E and/or Canadian Pacific handled the dispatching of all trains at the tracks in question.

49. DM&E and/or Canadian Pacific had a duty to individuals, including Ms. Blazier, at or near the area at and/or around railway crossing 385-463L to provide a safe and hazardous-free environment to drive and traverse.

50. DM&E and/or Canadian Pacific, by and through its agents, servants and/or employees, caused the injuries and damages sustained by Ms. Blazier and acted carelessly, negligently, grossly negligently and/or recklessly through the following actions and/or inactions:

    a. Failure to provide a reasonably safe railroad track;

    b. Failing to maintain and/or repair the railroad tracks and/or track system;

    c. Failing to have properly trained personnel inspect the condition of the railroad tracks and/or track system;

    d. Failing to properly inspect the railroad tracks and/or track system;

    e. Failing to perform required inspections of tracks/track system/switch question;

    f. Failure to implement proper precautions to prevent the accident leading to the injuries sustained by Ms. Blazier;

    g. Failing to properly and safely manage and supervise its railroad operations.

    h. failing to hire qualified workers to operate the subject railway train in a safe manner;

    i. failing to ensure workers operating the subject railway train were properly and adequately trained in accordance with applicable laws and standards;

    j. failing to take due note of the point and position of Plaintiffs at or near the railway grade crossing;

    k. failing to provide any audible warnings of any kind;

    l. failing to yield the right of way;

  m. Failing to adequately train the operator and crew on the train;

  n. Hiring an incompetent operator, engineer and/or crew to operate the train;

  o. Failing to have properly trained personnel inspect the condition of the train's control system;

  p. Failing to have properly trained personnel inspect the condition of the railroad's train-control system

  q. Failing to comply with the Rail Safety Improvement Act (RSIA); and

  r. Failing to comply with the Federal Locomotive Inspection Act.

51. Ms. Blazier's injuries were within the scope of foreseeable injuries that could occur from the aforesaid acts of negligence.

52. One or more of the aforesaid acts of negligence was a cause of Ms. Blazier's injuries and death.

WHEREFORE, Plaintiff, Hannah Jesski, as Executrix and Personal Representative of the Estate of Dixie Blazier, deceased, requests that the Court enter judgment against Defendants in an amount that will fully and fairly compensate the Estate of Dixie Blazier for its damages and her children for their losses, and for costs as allowed by law.

### COUNT II – NEGLIGENCE
### GLENDA MUNDIS v. DAKOTA, MINNESOTA & EASTERN RAILROAD CORPORATION, DAKOTA, MINNESOTA & EASTERN RAILROAD CORPORATION d/b/a CANADIAN PACIFIC, CANADIAN PACIFIC (U.S.), INC. and <u>CANADIAN PACIFIC RAILWAY COMPANY</u>

53. Plaintiffs incorporate the allegations contained in the preceding paragraphs as though fully set forth at length herein.

54. DM&E and/or Canadian Pacific was the owner, operator, maintainer, possessor, lessor, controller and/or otherwise responsible for the care and control of the locomotive involved in the accident, including the engineers operating the locomotive at the time of the accident.

55. DM&E and/or Canadian Pacific had a duty to repair, maintain, correct, inspect and otherwise be responsible for the area at and/or around railway crossing 385-463L.

56. DM&E and/or Canadian Pacific had a duty to repair, maintain, correct, inspect and/or otherwise be responsible for the locomotive involved in Ms. Mundis's accident.

57. DM&E and/or Canadian Pacific had a duty to hire, train and/or retain competent personnel to operate its locomotives, including the locomotive included in Ms. Mundis's accident.

58. At all times material hereto, DM&E and/or Canadian Pacific was responsible for the care, custody and/or control of the real property at and/or around railway crossing 385-463L and to ensure that the area at and/or around railway crossing 385-463L was safe for use by invitees, independent contractors, guests, licensees and/or members of the public, including Ms. Mundis.

59. Upon information and belief, DM&E and/or Canadian Pacific owns and/or controls the train control bungalow at the railway crossing where the accident occurred.

60. Upon information and belief, DM&E and/or Canadian Pacific controlled and/or maintained the train route, the tracks, switches and signal systems on the tracks.

61. Upon information and belief, DM&E and/or Canadian Pacific handled the dispatching of all trains at the tracks in question.

62. DM&E and/or Canadian Pacific had a duty to individuals, including Ms. Mundis, at or near the area at and/or around railway crossing 385-463L to provide a safe and hazardous-free environment to drive and traverse.

63. DM&E and/or Canadian Pacific, by and through its agents, servants and/or employees, caused the injuries and damages sustained by Ms. Mundis and acted carelessly, negligently, grossly negligently and/or recklessly through the following actions and/or inactions:

 a. Failure to provide a reasonably safe railroad track;

b. Failing to maintain and/or repair the railroad tracks and/or track system;

c. Failing to have properly trained personnel inspect the condition of the railroad tracks and/or track system;

d. Failing to properly inspect the railroad tracks and/or track system;

e. Failing to perform required inspections of tracks/track system/switch question;

f. Failure to implement proper precautions to prevent the accident leading to the injuries sustained by Ms. Blazier;

g. Failing to properly and safely manage and supervise its railroad operations.

h. failing to hire qualified workers to operate the subject railway train in a safe manner;

i. failing to ensure workers operating the subject railway train were properly and adequately trained in accordance with applicable laws and standards;

j. failing to take due note of the point and position of Plaintiffs at or near the railway grade crossing;

k. failing to provide any audible warnings of any kind;

l. failing to yield the right of way;

m. Failing to adequately train the operator and crew on the train;

n. Hiring an incompetent operator, engineer and/or crew to operate the train;

o. Failing to have properly trained personnel inspect the condition of the train's control system;

p. Failing to have properly trained personnel inspect the condition of the railroad's train-control system;

q. Failing to comply with the Rail Safety Improvement Act (RSIA); and

r. Failing to comply with the Federal Locomotive Inspection Act.

64. Ms. Mundis's injuries were within the scope of foreseeable injuries that could occur from the aforesaid acts of negligence.

65. One or more of the aforesaid acts of negligence was a cause of Ms. Mundi's catastrophic and permanent injuries.

WHEREFORE, Plaintiff, Glenda Mundis, requests that the Court enter judgment against Defendants in an amount that will fully and fairly compensate her for her damages and for costs as allowed by law.

## COUNT III – LOSS OF CONSORTIUM
## ROBERT MUNDIS v. DAKOTA, MINNESOTA & EASTERN RAILROAD CORPORATION, DAKOTA, MINNESOTA & EASTERN RAILROAD CORPORATION d/b/a CANADIAN PACIFIC, CANADIAN PACIFIC (U.S.), INC. and <u>CANADIAN PACIFIC RAILWAY COMPANY</u>

66. Plaintiffs incorporate the allegations contained in the preceding paragraphs as though fully set forth at length herein.

67. At all times material hereto, Plaintiff, Robert Mundis, was/is the husband of Plaintiff, Glenda Mundis, and, as such, is entitled to his society companionship and services.

68. By reason of the DM&E's and/or Canadian Pacific's carelessness, negligence, gross negligence and other liability-producing conduct, Mr. Mundis has suffered the following damages:

   a. He has suffered the loss of consortium and has been deprived of his wife's love, companionship, comfort, affection, society, moral guidance, intellectual strength and physical assistance; and

   b. He has been and will be required to expend large sums of money for his wife's medical care and attendant services.

WHEREFORE, Plaintiff, Robert Mundis, requests that the Court enter judgment against Defendants in an amount that will fully and fairly compensate him for his damages and for costs as allowed by law.

## JURY DEMAND

Plaintiffs request trial of this matter before a jury.

COMPLAINT AND JURY DEMAND, Page 14 of 15

Case 6:19-cv-02070-CJW-MAR   Document 1   Filed 11/18/19   Page 14 of 15

/s/ Steven Lawyer
Steven Lawyer
Lawyer Law Firm
4944 Pleasant Street
West Des Moines, Iowa 50266
Telephone: (515) 282-2080
Facsimile: (515) 282-1980
Email: Service@LawyerLawFirm.com

Larry Bendesky, LEAD COUNSEL
Scott A. Fellmeth
Adam J. Pantano
Robert W. Zimmerman
Saltz, Mongeluzzi, Barrett, & Bendesky, PC
1650 Market Street, 52nd Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 496-8282
Email: lbendesky@smbb.com
Email: apantano@smbb.com
Email: rzimmerman@smbb.com
Email: sfellmeth@smbb.com

ATTORNEYS FOR PLAINTIFFS
